UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DEVON LETOURNEAU and : | |
| JOSEPH SHEPARD : | |
| *Plaintiffs* : | |
| : | |
| v. : | C.A. No. 16-522 |
| : | |
| RHODE ISLAND DEPARTMENT OF : | |
| CORRECTIONS; ASHBEL T. WALLL; : | |
| LINDA AUL; JOSEPH FORGUE; : | |
| STEVEN CABRAL; and MATTHEW KETTLE : | |
| *Defendants* : | |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Now come Defendants, the Rhode Island Department of Corrections, Ashbel T. Wall, Linda Aul, Joseph Forgue, Steven Cabral, and Matthew Kettle ("Defendants") and hereby submit this memorandum of law in support of their motion to dismiss Plaintiffs' Complaint for their failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### FACTS AND TRAVEL

On September 15, 2016, Plaintiffs Devon Letourneau and Joseph Shepard filed a Complaint in the United States District Court for the District of Rhode Island against the Rhode Island Department of Corrections, Director Ashbel T. Wall, Chief of Special Investigations Linda Aul, Investigator Joseph Forgue, Investigator Steven Cabral, and Warden Matthew Kettle alleging violations of their Constitutional rights related to the current housing and their ability to access programming. *Complaint* (Doc. 1). With regard to Mr. Letourneau, in essence his allegations boil down to a claim that he is being denied the housing he deems appropriate and he has not been provided with rehabilitative programing specifically for current or former gang-members. See id.

However, none of these allegations state a claim upon which relief may be granted as there is no constitutional right to the particular institution or level of security and there is no constitutional right to a particular type of rehabilitative programming.

With regard to Mr. Shepard, it is unclear what his particular allegations are as he has not provided an appropriate pleading. See id. Rather he relies solely on letters which he allegedly sent to several of the defendants. Id. After reviewing the letters, it appears that Mr. Shepard has very similar allegations, that he is being housed in a facility he feels he should not be in and that he does not have access to certain programming. Id. These allegations fail to state a claim upon which relief may be granted as there is no constitutional right to the particular institution or level of security and there is no constitutional right to a particular type of rehabilitative programming. Further, Mr. Shepard has stated that he believes this issue is due to the Providence Police Department and not the Department of Corrections. *Complaint* at 2 (Doc. 1-2). Most importantly, Mr. Shepard's claims, in addition to failing to state a claim, are now moot as he has been housed in the John J. Moran Medium Security Facility since October 19, 2016.

### STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim on which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009) (citation omitted). The plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and it must show "more than a sheer possibility that a defendant has acted unlawfully." Id. "The Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff, and review pleadings of a *pro se* plaintiff liberally." Tucker

v. Wall, 2010 WL 322155, at *8 (D.R.I. Jan. 27, 2010) (internal citations omitted). However, "a reviewing court is obliged neither to credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir.1992). In addition, the court's "duty to be 'less stringent' with pro se complaints does not require [it] to conjure up unpled allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979).

## ARGUMENT

A. *Plaintiff Shepard's Complaint Fails To Comply With The Federal Rules Of Civil Procedure And Should Be Dismissed For Failure To Establish The Jurisdiction Of This Court And Failure To State A Claim Upon Which Relief May Be Granted*

Plaintiff Shepard's component of the Complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure and should be dismissed for failure to establish the jurisdiction of this Court and failure to state a claim upon which relief may be granted. *Complaint* (Doc. 1). Specifically, the only factual allegations relevant to Plaintiff Shepard were presented through several letters which were allegedly provided to several of the Defendants. See id. However, these letters do not state "a short and plain statement of the grounds for the court's jurisdiction;" a claim showing that the Plaintiff is entitled to relief; or a demand for the relief sought. Fed. R. Civ. P. 8(a). When dealing with a similar situation the Rhode Island Supreme Court stated that "[l]etters, motions, and other documents addressed or provided to justices of the Superior Court do not constitute complaints under the applicable rules, nor is the jurisdiction of the Superior Court invoked by letter or by communications that do not constitute a complaint under the applicable rules." De Witt v. Wall, 796 A.2d 470, 471 (R.I. 2002). Pursuant to the same logic, by failing to present this information as required by the Federal Rules of Civil Procedure, Plaintiff has not

established that this Court has jurisdiction to hear this matter. Plaintiff has also failed to show that he is entitled to relief or what relief he is seeking. Moreover, it is clear that Mr. Letourneau was the author of the other portion of the Complaint. *Complaint* (Doc. 1). Mr. Letourneau may not represent Mr. Shepard as they are both attempting to proceed pro se. Accordingly, the Complaint as it relates to Mr. Shepard should be dismissed for failure to state a claim upon which relief may be granted for his failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

   B. *Plaintiffs Do Not Have A Constitutionally Protected Interest In The Location Or Level Of Security Of The Facility In Which They Are Incarcerated*

Plaintiffs allege that their constitutional rights have been violated by the fact that they are or were housed in the High Security Center at the Rhode Island Department of Corrections. Id. However, it is well established that there is not constitutionally protected liberty interest in the location or level of security of inmate housing. See Meachum v. Fano, 427 U.S. 215 (1976). The Supreme Court of the United States explained that

> given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution. The Constitution does not require that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison if, as is likely, the State has more than one correctional institution. The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.

Id. at 224. The Court went on to explain that even if an inmate has an expectation in remaining in or going to a particular facility it "is too ephemeral and insubstantial to trigger procedural due process protections as long as prison officials have discretion to transfer him for whatever reason or for no reason at all." Id. at 228. The Rhode Island Department of Corrections through the Classification Board and the Director has the discretion to confine an inmate to any facility within

the Department. See R.I. Gen. Laws § 42-56-10 *et seq*. Furthermore, the Supreme Court of the United States has stated that it is not the business of federal judges to involved in the day-to-day functions of state prisons and discretionary decisions because "[t]he federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States." Meachum, 427 U.S. at 229.

Here, Plaintiffs' Complaint indicates that they are being housed at the High Security Center and they are being denied the right to move to facility with a lower level of security. However, as shown above, there is no constitutional right to any level of security or to any particular facility. Id. at 224. Accordingly, Plaintiffs have failed to state a claim upon which relief may be granted and their Complaint should be dismissed.

### C. *There Is No Constitutionally Protected Interest In Rehabilitative Programing Or The Type Of Rehabilitative Programing Available To An Inmate*

Plaintiffs' allege that they have not been provided the opportunity to participate in rehabilitative programming for gang-members and they are specifically seeking an injunction requiring that they be placed in such programming. *Complaint* (Doc. 1). In fact, Plaintiffs do not allege they do not have access to any rehabilitative programming, rather, they allege they are being denied a specific type of program which they believe will assist in their rehabilitation. Id. However, Plaintiffs' have not alleged how or in what way their constitutional rights have been violated by not being provided the rehabilitative programming they believe they should be receiving. Id. In fact, "the courts have not recognized a constitutional right to rehabilitation for prisoners." Lovell v. Brennan, 566 F. Supp. 672, 689 (D. Me. 1983), *aff'd,* 728 F.2d 560 (1st Cir. 1984). In addition, the deprivation of programming does not violate the Eight Amendment because the denial of such opportunities "do not inflict pain, much less unnecessary and wanton pain; deprivations of this kind simply are not punishments." Rhodes v. Chapman, 452 U.S. 337, 348

5

(1981).  One court has explained that "[w]hile there can be little doubt of the desirability of maintaining a meaningful schedule of programmed activity for inmates, the courts have *never* found that a failure to provide rehabilitative programs to be objectionable on constitutional grounds." Jaben v. Moore, 788 F. Supp. 500, 505 (D.Kan. 1992)(emphasis added).

Here, Plaintiffs allege they have been denied gang disavowal rehabilitative programming which they allege is a violation of their constitutional rights.  However, as shown above, there is simply no constitutional right to rehabilitative programming, much less the right to the rehabilitative programming of the inmate's choice as requested here. See id.  Accordingly, Plaintiffs' Complaint fails to state a claim upon which relief may be granted and should be dismissed.

> D. *Plaintiff Letourneau's Claim That He Will Be Transferred Out Of State Is Purely Speculation And Even If It Were True He Does Not Have A Constitutionally Protected Right To Remain Incarcerated In Rhode Island*

Plaintiff Letourneau alleges that there is a conspiracy that will ultimately culminate in his transfer to an out-of-state facility which he alleges is a violation of his constitutional rights. *Complaint* (Doc. 1).  However, this allegation is nothing more than mere speculation as there has been no attempt to transfer him out-of-state.  Moreover, even if it were not speculation, just as there is no "no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State." Olim v. Wakinekona, 461 U.S. 238, 245 (1983).  The Supreme Court of the United States explained that there are any number of reasons that could necessitate an inmate's transfer to an out-of-state facility including the need to separate particular prisoners. Id. at 245-46.  Furthermore, this Court has stated that the "Out-of-state transfer of Rhode Island prisoners does not in and of itself violate the Eighth Amendment's prohibition on cruel and unusual punishment." Gomes v. Travisono, 353

F. Supp. 457, 465 (D.R.I. 1973). Therefore, Plaintiff Letourneau has no constitutional right to remain incarcerated in Rhode Island and can be transferred out-of-state in the discretion of the Department. Accordingly, Plaintiffs' Complaint failed to state a claim upon which relief may be granted and it should be dismissed.

   *E. Plaintiffs' Claims Made Pursuant To The Eighth Amendment To The United States Constitution Also Fail To State A Claim Upon Which Relief May Be Granted*

Plaintiffs' Complaint failed to state a claim upon which relief may be granted because none of the allegations contained in the Complaint established that they have been subjected to cruel and unusual punishment which would violate the Eighth Amendment to the United States Constitution. To implicate the Eighth Amendment prison conditions must be inhumane and prison officials must be deliberately indifferent to the inhuman conditions. Wilson v. Seiter, 501 U.S. 294, 302-03 (1991).

Here, Plaintiffs' allegations that they have been housed at the High Security Center and they have not received the rehabilitative programming they believe they should receive does not rise to the level of cruel and unusual punishment in violation of the Eighth Amendment. *Complaint* (Doc. 1). Moreover, Plaintiffs' have not alleged any facts which show they have been subjected to inhumane conditions and that Defendants have been deliberately indifferent to the inhuman conditions. See Wilson, 501 U.S. at 302-03; id. Accordingly, Plaintiffs have failed to state a claim upon which relief may be granted and their Complaint should be dismissed.

## CONCLUSION

WHEREFORE, Defendants, the Rhode Island Department of Corrections, Ashbel T. Wall, Linda Aul, Joseph Forgue, Steven Cabral, and Matthew Kettle respectfully request this Court grant their motion to dismiss due to Plaintiffs' failure to state a claim upon which relief may be granted.

DEFENDANTS
RHODE ISLAND DEPARTMENT OF
CORRECTIONS, ASHBEL T. WALL,
LINDA AUL, JOSEPH FORGUE,
STEVEN CABRAL, and
MATTHEW KETTLE

By their Attorney,

/s/ Ian P. Anderson
_____

Ian P. Anderson, Esquire (# 8568)
Senior Legal Counsel
R.I Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
TEL: (401) 462-0145
FAX: (401) 462-2583
Ian.anderson@doc.ri.gov

## CERTIFICATION

I, the undersigned, certify that on this 21st day of November, 2016, a true copy of the foregoing document was filed electronically using the ECF system and it is available for viewing and downloading.

/s/ Ian P. Anderson
_____

I, the undersigned, certify that a copy of the foregoing document was mailed via Rhode Island Department of Corrections Interdepartmental Mail, on this 21st day of November, 2016, to the following:

Devon Letourneau, #140071
High Security Center
P.O. Box 8200
Cranston, RI  02920

Joseph Shepard, #141961
Medium Security
P.O. Pox 8274
Cranston, RI  02920

/s/ Ian P. Anderson
_____